MEMORANDUM **
Kui Bun Thai, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny in part and grant in part the petition for review.
The agency denied Thai’s asylum claim as time-barred. Thai does not challenge this finding in his opening brief.
*590 Substantial evidence supports the IJ’s finding that Thai failed to establish past persecution by persons the government was unable or unwilling to control. See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005). Substantial evidence also supports the IJ’s finding that Thai did not demonstrate a pattern or practice of persecution against Chinese Christians in Indonesia. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cm. 2007) (en banc). We reject Thai’s contention that the IJ’s decision impermissibly relied on country conditions evidence, because the record reflects that the IJ also relied on Thai’s own testimony to deny his claim. See Molino-Estrada v. INS, 293 F.3d 1089, 1096 (9th Cir.2002) (agency is entitled to rely on all relevant evidence in the record, including country reports).
However, the agency erred by refusing to consider the evidence regarding whether Thai belonged to a disfavored group in assessing his withholding of removal claim, so we remand to the BIA for reconsideration of this claim. See Wakkary v. Holder, 558 F.3d 1049, 1068-69 (9th Cir.2009); INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
Lastly, substantial evidence supports the agency’s denial of CAT relief because Thai failed to show that it is more likely than not he will be tortured if he returns to Indonesia. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.